UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROSANIQUE ROSA-HARRIS and WILLIAM HARRIS,
*Individually and as Parents and Natural Guardians of A.H.,*
*a Minor*,

                                    Plaintiffs,

        -against-                                                    5:23-CV-289 (LEK/TWD)

SAMARITAN MEDICAL CENTER, *et al.*,

                                    Defendants.

_____

KYANNA LANDERS, RN

                                    Third-Party Plaintiff,

        -against-

DANIEL C. SESSIONS, M.D.,

                                    Third-Party Defendant.

_____

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

On August 9, 2021, Rosanique Rosa-Harris and William Harris (collectively, "Plaintiffs"), individually and as parents and natural guardians of A.H., brought a negligence and medical malpractice suit against various defendants in the Supreme Court of the State of New York, Jefferson County. See Dkt. No. 2 ("Complaint"). One of the defendants in that case— Kyanna Landers, RN ("Landers")—filed a third-party complaint against Daniel C. Sessions, M.D. ("Sessions"), asserting claims for indemnification and contribution, or alternatively, apportionment of liability. See Dkt. No. 1-3 ("Third-Party Complaint"). On March 23, 2023, Sessions removed the third-party action from the state court to this Court. See Dkt. No. 1

("Removal Notice"). Sessions now brings a motion to substitute the United States as party and dismiss this action, or alternatively, to stay proceedings. Dkt. No. 7-1 ("Motion"). Landers opposes the motion to substitute and dismiss, but supports a stay in proceedings. Dkt. No. 13-1 ("Response"). Sessions has filed a reply. Dkt. No. 14 ("Reply"). Plaintiffs join Sessions's Motion to dismiss this action and remand the associated back to state court. Dkt. No. 15 ("Letter Motion").

For the reasons that follow, Sessions's request to substitute the United States as party and dismiss this action is granted, while Sessions's request to stay the proceedings is denied as moot.

## II.   BACKGROUND

Plaintiffs brought this case in 2021, alleging negligence and medical malpractice against various medical practitioners—including Landers and Sessions—related to the labor and delivery of A.H., Plaintiffs' infant child. See Compl. Sessions is a medical doctor employed by the United States Army, see Mot. at 1, who Plaintiffs allege committed multiple errors while supervising the delivery of A.H., see Compl. ¶¶ 68–77, 108–12.

Plaintiffs later voluntarily dismissed their claims against Sessions, as Plaintiffs were "informed that [Sessions] . . . was a federal employee acting in the course and scope of his federal employment during the times complained of in Plaintiff's Complaint and is subject to federal jurisdiction." Dkt. No. 1-2. Plaintiffs then decided to pursue administrative proceedings against Sessions by filing an administrative tort claim with the Army. See Mot. at 5. According to Plaintiffs, the "administrative claim . . . was denied on April 25, 2023." Letter Mot.

On January 23, 2023, Landers filed her Third-Party Complaint against Sessions. See Third-Party Compl. The Third-Party Complaint contains claims "for common law indemnification and/or contribution, or alternatively, apportionment of liability, and judgment

2

accordingly against [Sessions]." Id. at 11. Sessions, represented by the United States, removed the third-party action to this Court on March 3, 2023, pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2). See Removal Notice at 2–4.

Sessions's instant Motion makes three requests. First, Sessions argues he is not a proper defendant to Landers's third-party suit; rather, the United States is the proper party and should therefore be substituted as third-party defendant. See Mot. at 6–7. Second, Sessions argues that the third-party action must be dismissed for lack of subject matter jurisdiction pursuant to the derivative jurisdiction doctrine. See id. at 7–15. Third, and as an alternative to his first two requests, Sessions asks that the Court stay this action until Plaintiffs have exhausted their administrative remedies. See id. at 15–17. Landers's Responses addresses each of these three points. First, Landers states that she "cannot take a position with respect to substitution" as she "has no information with respect to [Sessions'] employment or the scope thereof beyond" a declaration submitted by the United States, see Dkt. No. 1-5 ("Employment Declaration"), supporting "Sessions' status as a federal employee." Resp. at 24–25. Second, Landers contends that this Court has subject matter jurisdiction in this action, and argues that the derivative jurisdiction doctrine is inapplicable. Id. at 4–23. Finally, Landers agrees with Sessions that the Court should stay proceedings in this matter. Id. at 25–26.

Plaintiffs have informed the Court that their administrative case was denied on April 25, 2023. See Letter Mot. Plaintiffs state that they do not intend to add either Sessions or the United States as parties to their state court suit, and request that the third-party suit be dismissed and the case remanded to state court. Id.

## III.   LEGAL STANDARD

### A.  Substitution

"Under the Federal Torts Claims Act ('FTCA'), a plaintiff's exclusive remedy for nonconstitutional torts committed by federal employees in their official capacity is a lawsuit against the United States." Catania v. Herbst, 916 F. Supp. 2d 266, 268 (E.D.N.Y. 2013) (citing, inter alia, 28 U.S.C. § 2679(b)(1)). "Where an action is brought not against the United States but against an individual employee, the FTCA provides a mechanism for substituting the United States as a party." Lipkin v. U.S. S.E.C., 468 F. Supp. 2d 614, 622 (S.D.N.Y. 2006). Specifically, Section 2679(b)(1) states: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment . . . any civil action . . . shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant."

### B.  Rule 12(b)(1) Dismissal

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "To survive a defendant's Rule 12(b)(1) motion to dismiss for lack of standing, plaintiffs must allege facts that affirmatively and plausibly suggest that [they have] standing to sue." Kiryas Joel Alliance v. Village of Kiryas Joel, 495 F. App'x 183, 188 (2d Cir. 2012) (alteration in original) (internal quotation marks omitted). In considering a motion to dismiss under Rule 12(b)(1), a court must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiffs. Buday v. N.Y. Yankees P'Ship, 486 F. App'x

894, 896 (2d Cir. 2012). The party asserting subject matter jurisdiction bears the burden of establishing its standing as the proper party to bring this action. See Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc., 697 F.3d 59, 65 (2d Cir. 2012).

## IV.   DISCUSSION

### A.  Substitution

Section 2679(d)(1) unambiguously states that the United States must be substituted as the appropriate defendant in a case where the named defendant was a federal employee and the Attorney General certifies that the named defendant "was acting within the scope of his office or employment." 28 C.F.R. § 15.4 clarifies that the Attorney General himself need not submit the certification; rather, the "United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose." See also Wlosinski v. Smith, No. 17-CV-6865, 2018 WL 1827671, at *3 n. 3 (W.D.N.Y. Apr. 17, 2018) ("The certification was made by the United States Attorney for the Western District of New York. This is permissible . . . under 28 C.F.R. § 15.4." (citations omitted)).

Here, Sessions has provided a certification from the United States Attorney for the Northern District of New York, Carla B. Freedman, which states that Sessions

> was a licensed physician and a commissioned military officer on active duty providing medical care at Samaritan Medical Center, a non-profit community hospital, at the time of the alleged incidents in the third-party complaint. Dr. Sessions provided such medical care pursuant to an external resources sharing agreement between U.S. Army Medical Department Activity - Fort Drum ("USAMEDDAC"), and Samaritan Medical Center, and was therefore acting within the scope of his employment at all times relevant to the third-party complaint.

5

Dkt. No. 1-6 ("Freedman Certification"). The Government has also provided a declaration from

the "Interim Deputy Chief of Clinical Services (DCCS), MEDDAC, Fort Drum, New York,"

Svetlana Shah, that further bolsters the United States Attorney's certification. Employment Decl.

at 2. This declaration states that Shah "was in Dr. Sessions' Supervisory Chain at the SCSS, Fort

Drum, in addition to his Immediate Supervisor," and confirms that Sessions's "actions relevant

to this case were performed within the scope of his official duties as an obstetrician/gynecologist

(OB/GYN) assigned to Samaritan Hospital according to an External Resources Sharing

Agreement between MEDDAC Fort Drum and Samaritan." Id. As such, the Court is persuaded

that Section 2679(d)(1)'s certification requirement has been satisfied.

Accordingly, pursuant to Section 2679(d)(1), the Court grants Sessions's request, and

substitutes the United States as the proper defendant in the third-party action and dismisses

Sessions from this case.

### B. Lack of Subject Matter Jurisdiction Pursuant to Derivative Jurisdiction

#### i. The Parties' Arguments

The United States argues that this case should be dismissed for lack of subject matter

jurisdiction under the derivative jurisdiction doctrine—a doctrine that governs the jurisdictional

reach of federal courts in cases that have been removed from state courts. The Supreme Court's

decision in Lambert Run Coal Co. v. Baltimore & Ohio R.R. laid the groundwork for this

doctrine, in which the court noted that "[t]he jurisdiction of the federal court on removal is, in a

limited sense, derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or

of the parties, the federal court acquires none, although it might in a like suit originally brought

there have had jurisdiction." 258 U.S. 377, 382 (1922). In essence, the doctrine states that if a

state court lacks jurisdiction to hear a particular case, then a federal court hearing that same case

after removal similarly lacks jurisdiction. See Barnaby v. Quintos, 410 F. Supp. 2d 142, 143 (S.D.N.Y. 2005) ("Under this doctrine, this Court lacks jurisdiction on removal because it cannot have jurisdiction where the state court from which the action was removed lacked jurisdiction.").

The United States avers that the state court in this action did not have jurisdiction to hear the case, and as such, this Court does not have jurisdiction either. See Mot. at 8. The United States notes that "Landers asserts claims for contribution and indemnity against the United States, relating to the alleged medical treatment provided to the Plaintiffs by Dr. Sessions, a covered employee of the United States for purposes of the FTCA." Id. Yet the FTCA specifically states that federal courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The United States therefore argues that because federal courts have "exclusive jurisdiction" over the kinds of claims asserted by Landers, "the New York state court did not have subject matter jurisdiction over Landers' third-party claims." Mot. at 9. And as such, "by operation of the derivative jurisdiction doctrine, this Court now lacks subject matter jurisdiction, as there was no subject matter jurisdiction to 'derive' from the New York state court upon removal of this action." Id. Finally, the United States highlights that it removed this action from the state court to this Court

pursuant to both Section 1442(a)(1)[1] and Section 2679(d)(2).[2] Id. Each of those statutes, the

Government contends, independently supports dismissal under the derivative jurisdiction

doctrine. Id.

Landers argues that the derivative jurisdiction doctrine is inapplicable in this case. First,

Landers contends that actions removed under Section 2679(d)(2) are not subject to the derivative

jurisdiction doctrine. Resp. at 7–13. While Landers concedes that "the Second Circuit has not

addressed this topic," Landers points to a litany of out-of-circuit case law in which courts that

find that Congress did not intend for actions removed under Section 2679(d)(2) to be subject to

the derivative jurisdiction doctrine. Id. at 8–9 (citing, inter alia, Katz v. Spiniello Companies,

No. 16-CV-11380, 2016 WL 7209662, at *3 (D. Mass. Dec. 12, 2016)). Landers also notes that,

in recent years, a few "district courts within the Second Circuit have followed the majority rule

and declined to dismiss under the derivative jurisdiction doctrine FTCA claims removed upon

the Attorney General's certification." Id. at 11. Landers specifically turns directs the Court's

attention to MMC PPA v. Bridgeport Hosp., No. 11-CV-01733, 2015 WL 5174012 (D. Conn.

---

[1] Section 1442(a)(1) states that "[a] civil action . . . that is commenced in a State court . . . may
be removed" to the appropriate district court if the action is against "[t]he United States or any
agency thereof or any officer (or any person acting under that officer) of the United States or of
any agency thereof, in an official or individual capacity, for or relating to any act under color of
such office or on account of any right, title or authority claimed under any Act of Congress for
the apprehension or punishment of criminals or the collection of the revenue."

[2] Section 2679(d)(2) states: "Upon certification by the Attorney General that the defendant
employee was acting within the scope of his office or employment at the time of the incident out
of which the claim arose, any civil action or proceeding commenced upon such claim in a State
court shall be removed without bond at any time before trial by the Attorney General to the
district court of the United States for the district and division embracing the place in which the
action or proceeding is pending. Such action or proceeding shall be deemed to be an action or
proceeding brought against the United States under the provisions of this title and all references
thereto, and the United States shall be substituted as the party defendant. This certification of the
Attorney General shall conclusively establish scope of office or employment for purposes of
removal."

Sept. 2, 2015) and <u>Zanghi v. Sisters of Charity Hospital of Buffalo, N.Y.</u>, No. 12-CV-765, 2013 WL 706241 (W.D.N.Y. Feb. 26, 2013). Yet the Government's Reply provides a foil to this argument. While acknowledging that there is a split among courts—including courts in the Second Circuit—on this issue, the Government nevertheless provides a myriad of case law holding that Section 2679(d)(2) is subject to the derivative jurisdiction doctrine, purportedly demonstrating that this remains the majority rule. Reply at 10–11 (citing, *inter alia*, <u>Kennedy v. Paul</u>, No. 12-CV-01491, 2013 WL 5435183 (D. Conn. Sept. 30, 2013)).

Landers's second argument posits that even if the derivative jurisdiction doctrine is applicable, the facts and the procedural posture of the case indicate that the Court has jurisdiction. Landers first points out that to make a case under the FTCA, the litigants must establish that the tortfeasor was an "employee of the [United States] Government while acting within the scope of his office or employment." Resp. at 14 (quoting 28 U.S.C. § 2679). Here, however, Landers states that none of the state court pleadings established that Simmons was a federal employee who was working within the scope of his employment. <u>Id.</u> at 16. The Attorney General had also "not yet certified Dr. Sessions' federal employment at the time the third-party complaint was filed." <u>Id.</u> Therefore, "no basis for federal jurisdiction existed at the time Ms. Landers filed her third-party complaint"—meaning that the case was properly brought in state court. <u>Id.</u> And, since the case was properly brought in state court, the federal court has jurisdiction under the derivative jurisdiction doctrine. <u>Id.</u>

Landers's third argument is that, even if the derivative jurisdiction doctrine applies to cases removed under Section 1442(a)(1), the mere fact that the Government cited Section 1442(a)(1) does not deprive the Court of jurisdiction. The Government removed this action to this Court pursuant to both Section 1442(a)(1) and Section 2679(d)(2). <u>Id.</u> at 20. Landers argues

that an analysis of Section 2679(d)(2)—and not Section 1442(a)(1)—should be determinative as to whether derivative jurisdiction is applicable. Id. Specifically, Landers cites case law indicating "that if Section 2679(d) is 'one of the sections' cited in the notice of removal (or that it should have been) it may be a 'basis for holding that derivative jurisdiction is inapplicable.'" Id. at 23 (quoting Barnaby, 412 F. Supp. 2d at 146–47) (other citations omitted). In other words, Landers argues that since derivative jurisdiction is inapplicable under Section 2679(d)(2), that alone is sufficient to find the doctrine inapplicable to the entirety of this case, regardless of whether the Government removed under any other statute. See id. at 22–23.

ii.   The Court's Findings

At the outset, the Court turns to the relevant statutory language. State courts do not have jurisdiction over FTCA cases, as Section 1346(b)(1) expressly states that federal courts have "exclusive jurisdiction" over such cases. It therefore appears that the derivative jurisdiction doctrine would prohibit this Court from hearing this case, as this Court necessarily "lack[s] jurisdiction on removal because it cannot have jurisdiction where the state court from which the action was removed lacked jurisdiction." Barnaby, 410 F. Supp. 2d at 143. Thus, should none of Sanders's arguments prove convincing, this Court would necessarily lack subject matter jurisdiction over this action.

Turning to the parties' arguments, the Court recognizes that there are conflicts among federal courts regarding the derivative jurisdiction doctrine in FTCA removal cases. For example, there is a split among courts as to whether derivative jurisdiction is applicable under Section 2679(d)(2), and the Second Circuit has yet to weigh in on this issue. Compare Katz, 2016 WL 7209662, at *3–5 (finding that derivative jurisdiction does not apply to cases removed under Section 2679(d)(2)), with Yonts v. United States, No. 21-CV-02726, 2022 WL 4385824,

at *2 (S.D. Ind. Sept. 21, 2022) ("Congress has not abrogated the doctrine with respect to [Section 2679(d)(2)]."). With such conflict, the Court finds it appropriate to seek guidance from the most analogous in-circuit case the Court is able to identify: Barnaby.

Barnaby provides reason to reject Landers's first argument—that the derivative jurisdiction doctrine is inapplicable in the Section 2679(d)(2) context. The Barnaby court specifically applied the derivative jurisdiction doctrine to a case removed pursuant to Section 2679(d)(2). 410 F. Supp. at 146–47. Barnaby persuasivley highlights that courts in this Circuit have recognized that a case may be dismissed under the derivative jurisdiction doctrine where the case was removed pursuant to Section 2679(d)(2).

Barnaby also undermines Landers's second argument, which attempts to distinguish the facts and procedural posture of this case from other cases applying the doctrine of derivative jurisdiction. The Barnaby litigants made very similar arguments to those of the parties in this case. The litigants opposing dismissal in Barnaby argued "that the doctrine of derivative jurisdiction does not apply in this case because the state court retained jurisdiction over the [litigants seeking dismissal] until their certification as federal employees acting within the scope of their employment, actual removal, and substitution of the United States as defendant had all taken place." Id. at 146. That argument is nearly identical to Landers's second argument, which posits that "no basis for federal jurisdiction existed at the time Ms. Landers filed her third-party complaint" because Sessions's federal employment was not established in the pleadings.[3] See

---

[3] Landers tries to draw a factual distinction between Barnaby and this case. Landers notes that in Barnaby, "the court dismissed the third-party claim because the Attorney General had certified federal employment before it was filed." Resp. at 17 (citing Barnaby, 410 F. Supp at 147). Here, by contrast, the Freedman Certification was made *after* the third-party claim was filed. See id.; see also Freedman Certification. However, courts have indicated that it is not required that the Attorney General file a certification before a third-party claim has been made in order for the derivative jurisdiction doctrine to apply. In A.Q.C. ex rel. Castillo v. Bronx-Lebanon Hosp. Ctr.,

Resp. at 13–16. The <u>Barnaby</u> court rejected this argument, stating that this position "would be contrary to those cases that have employed the doctrine of derivative jurisdiction to dismiss FTCA claims after their removal from state court." <u>Barnaby</u>, 410 F. Supp. at 146 (citations omitted). This same logic is directly applicable to the case at hand, and as such, the Court finds the <u>Barnaby</u> court's reasoning persuasive in rejecting Landers's second argument.

Additionally, even if dismissal was not warranted in the Section 2679(d)(2) context, Section 1442(a)(1) provides ample grounds for dismissal. The United States removed this case pursuant to both Section 1442(a)(1) and Section 2679(d)(2). Removal Notice at 2–4. As our sister court has noted, "district courts within the Second Circuit have routinely and unanimously held that the derivative jurisdiction doctrine remains applicable to cases removed under section 1442(a)(1)." <u>Mooney v. G.A.C. Realty Corp.</u>, No. 14-CV-6207, 2015 WL 1010486, at *3 (W.D.N.Y. Mar. 5, 2015) (collecting cases). Landers's counters this by effectively arguing that even though this case was removed under both Section 1442(a)(1) and Section 2679(d)(2), the central statute for determining whether derivative jurisdiction is applicable is Section 2679(d)(2). <u>See</u> Resp. at 20–23. Yet in none of the cases cited by Landers does a court explicitly hold that if

---

for example, the court made clear that a certification filed post-pleadings in a third-party case would be sufficient to invoke the derivative jurisdiction doctrine. No. 11-CV-2656, 2012 WL 170902, at *5 n. 4 (S.D.N.Y. Jan. 20, 2012). Landers argues that the Court should not follow this example because the <u>Castillo</u> court relied on case law "in which the well-pleaded complaint created exclusive federal jurisdiction *ab initio*," and as such, the footnote "rests on unsure footing." Resp. at 22. This argument is unavailing. The <u>Castillo</u> court is not alone in its findings, as other courts have similarly found that certification post-filing of a third-party suit is sufficient for derivative jurisdiction purposes. <u>See, e.g.</u>, <u>Dellinger v. Richards</u>, No. 18-CV-02119, 2019 WL 4273878 (M.D. Pa. Sept. 10, 2019) (granting dismissal pursuant to the derivative jurisdiction doctrine where a third-party complaint was filed on September 27, 2018 and the government's certification was made on November 2, 2018); <u>Johnson v. Louisville Int'l Airport</u>, No. 11-CV-216, 2011 WL 2710364 (W.D. Ky. July 12, 2011) (granting dismissal pursuant to the derivative jurisdiction doctrine where a third-party complaint was filed on February 2, 2011 and the government's certification and removal request was made on April 8, 2011).

a case was removed under Section 1442(a)(1) and Section 2679(d)(2), then Section 2679(d)(2) provides the *only* grounds for dismissal under the derivative jurisdiction doctrine. See Thompson v. Wheeler, 898 F.2d 406, 409 (3d Cir. 1990); Katz, 2016 WL 7209662; E.R. ex rel. Young v. Sutter Davis Hosp., No. 14-CV-2053, 2014 WL 7239675 (E.D. Cal. Dec. 16, 2014); Anselmo v. Mull, No. 12-CV-1422, 2012 WL 3233274 (E.D. Cal. Aug. 6, 2012); Nye v. Hilo Med. Ctr., No.09-CV-00220, 2010 WL 931926 (D. Haw. Mar. 11, 2010); Barnaby, 412 F. Supp. 2d. Furthermore, courts in this Circuit have explicitly dismissed actions removed under Section 1442(a)(1) pursuant to the derivative jurisdiction doctrine even when those actions were also removed under Section 2679(d)(2). See, e.g., Kennedy, 2013 WL 5435183, at *5 (D. Conn. Sept. 30, 2013) (dismissing a case that "case was removed under both section 1442(a)(1) and section 2679(d)(2)," by noting that "removal under section 1442(a)(1) required the application of derivative jurisdiction"). The Court is therefore persuaded that dismissal is appropriate under the derivative jurisdiction doctrine in the context of Section 1442(a)(1) removal.

Although the Court dismisses Sanders's action, this dismissal places a relatively limited burden on Sanders. In no way does the doctrine of derivative jurisdiction preclude Sanders from filing another indemnity action in this Court should Sanders be found liable in state court proceedings. See Castillo, 2012 WL 170902, at *6 (S.D.N.Y. Jan. 20, 2012) ("As a final matter, we note that despite our dismissal of Bronx–Lebanon's third-party claim, Bronx–Lebanon would not be precluded from bringing a later, separate action for indemnification or contribution following the disposition of plaintiff's claim in state court."). Sanders is therefore not without recourse should she face liability in the state court case.

### C.  Stay in Proceedings

Both Landers and the United States concur that the Court should stay proceedings in this action until Plaintiffs' administrative proceedings are resolved. See Mot. at 15–17; Resp. at 25–26. This request is moot. Plaintiffs lost their administrative case on April 25, 2023. See Letter Mot. Furthermore, pursuant to 28 U.S.C. § 2401(b), Plaintiffs had until October 25, 2023, to file an action in this Court against the United States. Plaintiffs have not indicated that they have done so. Therefore, because the administrative proceedings have been resolved and there is no risk that Plaintiffs will maintain a suit against the United States in this Court, the request for a stay in proceedings is denied as moot.

### D.  Plaintiffs' Letter Motion

Plaintiffs' Letter Motion "adopt[s] the United States' Motion, in part" and requests "dismissal of this action with associated remand back to" the state court. Letter Mot. Plaintiffs lack standing to bring their request, as they are not a party to the action between Sanders and the United States and have not moved to intervene. See United Parcel Serv. of Am., Inc. v. Net, Inc., 225 F.R.D. 416, 422 (E.D.N.Y. 2005) ("As to Maydak's motion to dismiss, because Maydak is not a party to this action he does not have standing to make such a motion, and thus the motion is denied."). The Letter Motion is therefore denied.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Sessions's Motion (Dkt. No.7) is **GRANTED in part**, with respect to Sessions's request to substitute the United States as the third-party defendant and dismiss this action for lack of subject matter jurisdiction; and it is further

14

**ORDERED**, that Session's Motion (Dkt. No.7) is **DENIED in part**, with respect to Sessions's request to stay this action; and it is further

**ORDERED**, that Sessions be **DISMISSED** as a third-party defendant to this action; and it is further

**ORDERED**, that the United States be **ADDED** as a third-party defendant to this action; and it is further

**ORDERED**, that this action is **DISMISSED** for lack of subject matter jurisdiction and the remainder of this action is **REMANDED** to Supreme Court of the State of New York, Jefferson County for further proceedings; and its further

**ORDERED**, that Plaintiffs' Letter Motion (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED,** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:          January 12, 2024
                     Albany, New York

LAWRENCE E. KAHN
United States District Judge

15